DECREE
Based primarily on our conclusion that the ruling of the District Committee has become final because no timely appeal therefrom has been taken and the Civil District Court therefore lacked jurisdiction, for the written reasons to be handed down in due course:
The writs herein granted are made peremptory and each of the following: (1) the judgment rendered and signed by the Honorable Judge Richard Garvey on September 17, 1971, ordering the immediate certification of the candidacy of Edward Boesch to the Honorable Wade Martin; (2) the judgment rendered and signed by the Honorable Judge Richard Garvey on September 28, 1971 (or September 29, 1971, as the record before us is not completely clear on which of these two dates the same was signed), insofar as the same issues a restraining order directed to the Honorable Wade O. Martin enjoining and prohibiting the latter from printing a ballot for the November 6, 1971 primary election without including the name of Edward L. Boesch thereon as a candidate for the office of Representative from the 103rd Representative District and directing that the said name of Edward L. Boesch be placed on the ballot for the November 6, 1971 primary election as a candidate for the office of Representative from the 103rd Representative District; and (3) the judgment rendered and signed by the Honorable Judge Clarence Dowling on September 29, 1971, issuing a preliminary injunction restraining, enjoining and prohibiting the Honorable Wade O. Martin, Jr., “his agents or employees or all other persons acting or claiming to act in his behalf from printing a ballot for the November 6, 1971 primary election, without the name of Edward L. Boesch listed as a candidate for the House of Representatives of the State of Louisiana from the 103rd House District; and further directing the said Wade O. Martin, Jr. to place the name of Edward L. Boesch on the ballot as a candidate for the House of Representatives from the 103rd Representatives District of the State of Louisiana for the primary election to be held on November 6, 1971.” are vacated, annulled, set aside and reversed and it is *625 now ordered that the suit of the Respondent, the Honorable Edward L. Boesch, he and the same is now dismissed. The costs of these proceedings are to be paid by the said Respondent, the Honorable Edward L. Boesch.
Reversed and rendered.
BOUTALL, Judge.
This matter comes before us on writs of certiorari and mandamus issued herein on the application of the 103rd Representative District Democratic Committee, the defendants in case No. 527-814 of the Civil District Court for the Parish of Orleans. We granted these writs in order to ascertain the validity of the proceedings complained of by relator in that case.
The chronological sequence of events in this matter may be summarized as follows:
1. On August 31, 1971, Loyd J. Rock-hold, claiming to appear for himself and all others similarly situated, filed a proceeding termed a class action against John J. McKeithen, Governor of the State of Louisiana, and other public officials, including the Democratic and Republican State Central Committees, in the 19th Judicial District Court for the Parish of East Baton Rouge, docket No. 151397, in which the petitioner sought a declaratory judgment, the effect of which would be to abolish the two year residence requirement of Article 3, Section 9 of the Constitution of Louisiana insofar as it might apply to voting districts created by the reapportionment judgment of the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, rendered on August 24, 1971, until such districts would have been in existence for two years.
2. On September 13, 1971, after hearing, the court handed down its reasons for judgment, in which it concluded the relief prayed for would be granted, stating:
“Accordingly, for the above reasons, judgment is rendered herein decreeing that Article 3, Section 9 of the Louisiana Constitution does not render ineligible any person who satisfied the residentiary requirements of Louisiana law prior to August 24, 1971 from qualifying as a candidate for the Louisiana House of Representatives or the Louisiana Senate so long as that person actually resided in the newly created district as of the date of its creation on August 24, 1971.”
However, the judgment effectuating the reasons for judgment was not signed until September 17, 1971.
3. On September 17, 1971 at 6:50 A.M., pursuant to the procedures outlined in LSA-R.S. 18:307, Edward P. Boesch was served with a challenge to his qualifications as a candidate for Representative from the 103rd Representative District by Henry F. Hirschey, Jr., Ferdinand P. Meyers, Jr., and George J. Schiro, electors of the district, based on his lack of the required two-years’ residency in the district as provided in Article 3, Section 9 of the Louisiana Constitution.
4. The challenge was handed to Paul M. Trebucq, chairman of the committee, at noon of September 17, 1971.
5. On September 17, 1971, Edward L. Boesch filed his original petition in the instant proceeding, in which he represented to the court that he was a member of the class for whom Rockhold had appeared in the Baton Rouge proceedings; that a final and executory judgment had been rendered in that proceeding, from which he claimed' the benefits; and that he was entitled to a judgment of the Civil District Court for the Parish of Orleans, to be rendered ex parte, which would make the judgment of the 19th Judicial District Court for the Parish of East Baton Rouge executory and which would order and direct the State Central Committee through its duly designated members, namely, Arthur J. Bow, Paul M. Trebucq and Henry Schindler to immediately certify the candidacy for House District 103 of the plaintiff, Edward L. Boesch, to the Secretary of State.
*626 6. An ex parte judgment, as prayed, was signed on September 17, 1971 by Honorable Richard J. Garvey, Judge of the Civil District Court for the Parish of Orleans.
7. Attached to the petition, and represented to be a judgment of the 19th Judicial District Court, were reasons for judgment which had been handed down by the Baton Rouge Court on September 13, 1971.
8. On September 19, 1971, the 103rd Representative District Committee issued its order fixing the hearing on the challenge for September 20, 1971, at 4:30 P. M. and this order was served on Boesch on September 19, 1971.
9. The committee convened a hearing at the appointed date and hour; present— all members of the committee, the three challengers, the candidate Boesch and his attorney, Ignatz G. Kiefer, and Gilbert V. Andry, III, attorney for the committee.
10. No answer had been filed by the candidate and he refused to participate in the hearing. After the hearing, the committee made its finding that the candidate was not qualified, with the members Tre-bucq and Schindler voting and with the member Boe abstaining.
11. A copy of the committee’s findings was served on the candidate on September 20, 1971, was dispatched by mail to the Secretary of State on September 21, 1971, and was served by hand on the Secretary of State on September 22, 1971.
12. On September 23, 1971, Edward L. Boesch filed a petiton with the Civil District Court for the Parish of Orleans in proceeding No. 530-071, a new suit, naming as defendants the 103rd Representative District Democratic Committee and others, seeking substantially the same relief as in proceeding No. 529-814 and additionally seeking to annul the committee’s decision of September 20, 1971. A rule nisi issued returnable September 29, 1971, but was continued without further action and all counsel concede that suit is not before us.
13. On September 20, 1971, Judge Shortess of the 19th Judicial District Court in the suit in which he had rendered the declaratory judgment on September 17, 1971, signed an order for a rule nisi to issue against the plaintiff to show cause why a new trial should not be granted in that proceeding made returnable September 27, 1971. On that date, September 27, the motion for a new trial was denied, a motion for a suspensive appeal was filed, and a suspensive appeal was granted and perfected.
14. On September 28, 1971, Boesch filed a petition in this proceeding No. 529-814 in which he sought and obtained a temporary restraining order couched in the following language:
“IT IS ORDERED that a temporary restraining order issue herein, subject to the posting of a cash bond in the amount of $50.00, directed to the Honorable Wadé O. Martin, Jr., Secretary of State, State of Louisiana, restraining, enjoining, and prohibiting him, his agents, employees and all other persons acting or claiming to act in his behalf or in concert with him from printing a ballot for the November 6, 1971 primary election without the name of Edward L. Boesch listed on the aforementioned ballot as a candidate for the office of Representative from the 103rd Representative District for the State of Louisiana and further the said Wade O. Martin, Jr., Secretary of State, State of Louisiana is directed to place the name of Edward L. Boesch on the ballot for the November 6, 1971 primary election as a candidate for the office of Representative from the 103rd Representative District of the State of Louisiana.”
The restraining order was accompanied by a rule nisi against the Secretary of State to show cause why the preliminary injunction should not be granted in the *627 form and substance of the restraining order, made returnable the next day, September 29, 1971, at 10 A.M.
15. On the morning of September 29, 1971, the 103rd Representative District Democratic Committee, relators, here, filed with the district court and served on the plaintiff the notice of its intention to apply to this court for remedial writs with a stay order. The court refused to accept the notice of intention to apply for writs and proceeded to trial of the rule nisi for preliminary injunction. The court made the rule nisi for a preliminary injunction absolute, enjoining Wade O. Martin, Jr.:
“ * * * from printing a ballot for the November 6, 1971, primary election, without the name of Edward L. Boesch listed as a candidate for the House of Representatives of the State of Louisiana from the 103rd House District; and further directing the said Wade O. Martin, Jr. to place the name of Edward L. Boesch on the ballot as a candidate for the House of Representatives from the 103rd Representative District of the State of Louisiana for the primary election to be held on November 6, 1971.”
16. Relators presented a petition of sus-pensive appeal from the judgment making the rule absolute, which was denied. Rela-tors then served upon the court and opposing counsel their second notice of intention to apply for writs to this court.
The present proceedings were instituted when Mr. Boesch filed a petition seeking to make the judgment of another Louisiana court executory and to obtain an order compelling certification of his candidacy by the District Committee, both ex parte. That petition recited: Boesch has been a resident of the 9th Ward of Orleans Parish for 60 years and for a long number of years he resided at 4419 St. Claude Avenue, New Orleans, Louisiana, which is within Precinct 10 of Ward 9. He has been for a number of years the duly elected representative to the Státe Legislature from that district. On March 1, 1970, he was required to move his residence to 1312 France Street, New Orleans, Louisiana, which is within Precinct 17 of Ward 9. Both of these residences are within Ward 9 and hence within the representative district in which Boesch is presently elected, and both are within the representative district under the reapportionment plan approved by the Louisiana Legislature, designated as District 26. On August 24, 1971, the United States District Court adopted a plan of realignment for legislative districts, and under this plan the plaintiff’s present residence is located within Representative District 103. His former residence is located within Representative District 102.
The petition further alleges that there was a class action entitled “Loyd J. Rockhold v. John J. McKeithen, Governor, et al.,” No. 151-397 on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, seeking a declaratory judgment to ascertain the qualifications of candidates in similar situations in which the election officials of the State of Louisiana and the Democratic and Republican State Central Committees were made parties, which had the effect of deciding his qualifications as candidate for the newly created district.
Based upon the judgment of the district court in that case, together with the facts as outlined above, the petition prays that the judgment of the 19th Judicial District Court be made executory in the Civil District Court for the Parish of Orleans and for an order compelling his certification as a candidate for Representative District 103.
The judge of the Civil District Court thereupon signed an ex parte judgment making the judgment of the 19th Judicial District Court executory and further ordering “that the State Central Commission through its duly designated members, namely, Arthur J. Boe, Paul M. Treburg [sic], Henry Schendler [sic] are hereby ordered and directed by this Honorable Court to immediately certify the candidacy of Edward Boesch to the Honorable Wade Martin, *628 Secretary of State for House District 103 * * This order was served upon Arthur J. Boe, secretary of the committee, and not served upon the chairman, Paul M. Trebucq.
Referring to the calender of events, it may be noted that the opposition to the candidacy of Boesch had been given to the committee prior to the signing of this order.
The 103rd Representative District Democratic Committee convened a hearing September 20, 1971, to hear the opposition to Boesch’s candidacy, and rendered a decision that Boesch was not a qualified candidate “for the reason that he does not meet the requirements provided by the Louisiana Constitution Article 3 Section 9.”
Even though we do not consider it to be germane to the precise issue before us, it has been argued to us that the proceedings in the 19th Judicial District Court was not a valid class action seeking a declaratory judgment, and that the judgment was signed on September 17, 1971. We make no comment as to the validity of those proceedings and simply accept the representations of counsel and the documents filed in the record before us. However, we do find that at the time the trial court issued its ex parte order on September 17 the judgment of the 19th Judicial District Court upon which it was based could have been suspensively appealed and, in fact, such an appeal was later granted. That suit, on its face, is not an election contest but an ordinary proceeding brought under the provisions of LSA-C.C.P. art. 591 et seq., and LSA-C.C.P. art. 1871 et seq., relative to class actions and declaratory judgments.
Under the explicit provisions of LSA-C.C.P. art. 2781[1] the judgment of the 19th Judicial District Court was not susceptible of being made executory in the Civil District Court for the Parish of Orleans because its execution could have been, and was, in fact, suspended by appeal. Clearly, the ex parte judgment of September 17, 1971, making the judgment in the Baton Rouge proceedings executory and directing the district committee members to certify Mr. Boesch’s candidacy to the Secretary of State, was improvidently issued.
The same reasons relative to prematurity also are applicable to the temporary restraining order and directive to the Secretary of State signed on September 28, 1971 (it is remotely possible that the same was signed on September 29, 1971; the date written on the original signed by the district judge is unclear and could be either 28th or 29th), because that order and directive was signed ex parte and is based solely on the judgment in the Baton Rouge proceedings.
Again, as will be noted from the calendar of events, the decision of the Committee was rendered on September 20, 1971, on the same date Mr. Boesch was served with a copy of the Committee’s decision, and on September 28, 1971 he filed in his original proceeding a petition seeking a temporary restraining order, a rule nisi and preliminary injunction. The only other proceeding filed by Boesch after the decision of the Committee was suit No. 530-071 which, as we have said, all parties concede is not before us, and accordingly we have no comment in respect to it.
The case before us, i. e., the two ex parte orders of September 17 and 28 (or 29) and the judgment of September 29, is not an election contest suit within the purview of LSA-R.S. 18:307 and 18:364. We concede *629 the suit does present a political question in that it does involve an election and, specifically, the candidacy in an election. However, it is not brought within the provisions of the above referred-to statutes, and we consider that under the present situation as related to us, the provisions of those statutes must govern.
 The basic reason for our ultimate conclusion in this case is applicable both to the order and directive of September 28 or 29 and to the judgment of September 29 which latter restrains the Secretary of State from printing the ballot without including the name of Mr. Boesch as a candidate. That reason is that under our law a con-testee’s remedy, his right to court review, of a district committee’s ruling arises only out of the provisions of LSA-R.S. 18:307 and 18:364. Under LSA-R.S. 18:364, subd. H no court has the authority to entertain a contest unless the same is brought within two days after the official promulgation of the ruling made by the committee. Strict compliance with this section is sacramental in order to vest jurisdiction in the courts. The respondent in this case having failed to avail himself of the right to appeal the committee’s rejection of his candidacy within the time provided by the statute, the courts did not obtain jurisdiction to hear his complaint.
However strong may be the equities and the facts in favor of Mr. Boesch, and we readily concede they are, equity cannot prevail over the positive declarations of law regulating the conduct of primary elections, which must be strictly adhered to. We cannot pass on those equities or facts because we cannot reach the merits. We have no jurisdiction to do so.
Our decree was handed down, prior to this opinion, on October 4, 1971.
Reversed and rendered.

. LSA-C.C.P. art. 1877 reads:
“All orders, judgments, and decrees under Articles 1871 through 1883 [relative to declaratory judgments] may be reviewed as other orders, judgments, and decrees.”
LSA-C.C.P. art. 2781 reads:
“A judgment rendered in a Louisiana court may be made executory in any other Louisiana court of competent jurisdiction, if its execution has not been and may not be suspended by appeal.”